And now we'll start with our three cases for today. The first is number 17-3330. Levins v. Healthcare Revenue Recovery Group. Mr. Stern and Mr. Sherman? Sherman, Your Honor. Sherman, okay. May it please the Court, Philip Stern, I request for the Court's permission to reserve four minutes for rebuttal. That's fine. May it appear on behalf of the plaintiff's opponents, Elaine and William Levins, they received several voicemail messages from the defendant, but the voicemail only identified the defendant using three letters, A-R-S. Is that how it was? Was it identified saying A-R-S, or did it phonetically say R-S? That's not a silly question. I'm serious. How did the voicemail identify him? My understanding is they said A-R-S.  Okay. So they used an acronym. What's wrong with using a shortened or an acronym if that's how a business is commonly known? If that's how a business is commonly known and so it identifies the business, it's not a problem. The problem here is that it doesn't identify a particular business. How do we know that? Because, as the complaint alleges, that there are other debt collectors who go by A-R-S. But the fact that there are other debt collectors that go by A-R-S is irrelevant to the question of whether this company goes by A-R-S, right? I mean, it's possible that you could be named Bob Smith and I could be named Bob Smith, and that doesn't mean that one or the other of us isn't named Bob Smith. So if this company goes by the acronym or regularly uses the name A-R-S to identify its business, how is it relevant that there are other businesses that have that name? But it does not regularly go by. First of all, there's nothing to indicate that. In fact, the allegations in the evidence is to the contrary. We can't talk about evidence at this stage, can we? We can't, but to the extent that the record was expanded to include some materials, you know, public information. It could be expanded, right, without converting this into summary judgment? That's true. Let me ask a question on that point. There was an exhibit to the motion to dismiss that was a letter that was sent to Mrs. Levins that identified the entity sending the letter as A-R-S account resolution services, and then in parentheses A-R-S, that's exhibit E, to the motion to dismiss. Is that properly before us? It's not properly before the court. There's no reference to it. That letter preceded the phone calls, I take it. That's the contention of the defendant, yes. Well, if you go by the allegations of the amended complaint, the calls occurred within one year of the filing of the amended complaint, and the letter itself was sent in November of 2015, which would be more than a year before the filing of the amended complaint. Right, but again, if we're limited to the scope of the complaint under 1206, we can't consider that letter. And the complaint alleged that the Levins had not received any written communication prior to receiving these messages, so whether it was sent or not sent, certainly it's a matter of fact that they had not received any letter. So you got a message that says, A-R-S calling, please return our phone call, and it gives the number. A-R-S is a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Again, our number is blank. Visit us at www.arspayment.com. So you can go on the website in a matter of seconds and find out the identity, the true identity of A-R-S. Well, there's two issues with that. We allege that sometimes that website gets blocked. There's nothing in the complaint that says that website was blocked, is there? I believe there was. I think there was a declaration file, right, that showed that you were unable to access the website? That's correct, but I think it was based on – that really sort of fleshed out what was in the complaint. Where in the complaint does it say that the website is blocked? I'm aware of the declaration, but the declaration, like the letter, is not properly before us, is it? Yeah, Paragraph 42 of the complaint says, A Google search of A-R-S along with either the word debt or collector will result in many links to many debt collectors other than H-R-R-J. Furthermore, a current search for www.arspayment.com, the URL provided in the messages, leads to a browser privacy warning blocking access to the website. It says a current search, right? It does say a current search for that address. So there's – okay. The point is that there's nothing in the complaint or even in the declaration that says that at the time this happened, they couldn't have discovered what was going on by using the website. That's correct, but our position is that the burden doesn't – the obligation under the statute is to – that the call has to meaningfully identify the caller, not where can we go to find out who you are. If the call had identified the caller as A-R-S Account Resolution Services, would that have been sufficient? That's all they needed to do. That's correct, because that was the registered name. And if I can get back to the comment Judge Jordan made, you mentioned about the example of people named Bob Smith. Bob Smith is not their name. Their name was A-R-S Account Resolution Services, which is the registered name, the trade name, as well as Health Care Revenue Recovery. Well, should we pay attention to what the FTC says about this? The FTC has responsibility with respect to this statute, right? Right. And they've given guidance with respect to what constitutes an appropriate name usage, haven't they? It says a debt collector may use a name that does not misrepresent his identity or deceive the consumer, may use its full business name, the name under which it usually transacts business, or a commonly used acronym. So any one of those three ways of identifying themselves would be appropriate in the FTC's view. Do you disagree with that interpretation statute? I don't disagree, but I'd like to qualify that, which is that the sentence is thus, so it's drawing from the first general statement, that a debt collector may not use a name that does not misrepresent his identity or deceive the consumer. And here they use the name, which does misrepresent the identity. How can you make the leap that it misrepresents it? It's clear that they didn't use their full name. I think everybody would agree with that, right? Judge Van Aske stated the full name. Everybody agrees that's the full trade name registered in New Jersey. But how can you assert that they are misrepresenting their identity when we don't know whether that's the name under which they usually transact business or whether it's a commonly used acronym for them? We know that there's no facts or allegation as to whether they commonly use just ARS. Indeed. So wouldn't that just leave us with a fact issue? Well, the fact issue, and then fact issue, if there is a fact issue, it should be inferred favorable to the plaintiff. Well, we draw all reasonable inferences in favor of the defendant, but that doesn't mean we leap to factual conclusions when there's no basis to infer one way or another, right? We don't know. Well, there is, because we know that this defendant chose a trade name by which he wanted to trade under and registered that name with the state of New Jersey. I'm a little puzzled about why you're fighting this, because if there's a fact issue, don't you win? Well, I do. In fact, maybe I was misinterpreting what you were positing. Don't think I had a question. It's a hard ball. If there's a fact issue, then a motion to dismiss is not properly granted, right? Correct. So you might lose on summary judgment, depending on how a record gets developed, or you might lose the trial, but at least if there's a fact issue, a motion to dismiss under 12b-6 would not be in order. Is that right? That is correct. Let's give you an example of how it plays out. Isn't the test here whether the disclosure was sufficient to determine the company's identity? That's – we can do that, yes. And then you have – they use ARS, and the question is, does ARS – is it a name under which it usually transacts business, or is it a commonly used acronym, and in the end, does that misrepresent the identity or deceive the consumer with respect to the identity of the person of the entity calling? I'd agree. The only slight difference in terms of that last statement is whether we're talking about the D claim or an E claim, because the E claim requires meaningful disclosure, and I agree that there's – coupled with that, the analysis there is whether at least a consumer would be deceived by it. That's the only comment I would have. It's not a qualification, but we agree with that statement. If they are registered in the state of New Jersey, how is that a misrepresentation of the identity? It's how they're registered. How did they register? How are they registered? They're registered as ARS account resolution services. And so it seems like a factual matter as to whether that's a misrepresentation of the identity. I mean, it's like IBM. You think of IBM, but nobody really understands integrated or business machines or whatever it was. See, I still don't understand. AT&T is American Telephone and Telegraph. A lot of people don't know that. So this is ARS. Now, it is a division of HRG, right? Well, what HRG has explained is that they have a division that is – That's what I said. It is a division of Health Care Revenue Recovery Group. That's certainly what the defendant contends, so we don't know that. As a matter of fact, we didn't allege that. But it's Health Care Revenue Recovery Group is the entity which registered the alternate name of ARS account resolution services. I mean, the problem with your case at First Blush is that if somebody – and I read to you what the very short call was and gave a phone number, so you could have called that number. Now, maybe you didn't want to call that number. The client didn't want to call that number. And you could have found out who ARS is. And you could also check the website to the extent it's not blocked, although we're not sure if it's blocked or not blocked on a 100% basis. What you said was sometimes. And so you could easily find out who ARS is in the attempt to collect this debt. And in that context, how much harm is there really here? It's like a hyper-technicality that you're basing your claim on. I think there's two responses to that. Number one is, again, the consumer should be able to identify who the particular caller is. What's the harm? The harm is, number one, it puts on the consumer to have to investigate, number one. And that investigation might take seconds or minutes, right? Well, first of all, if there's a phone call, our contention would be is that if there's a phone call, the individual working for the defendant is not going to speak to the individual calling until they've qualified that individual. You could have somebody else make the phone call like you. What's that? You could have somebody else make the phone call like you. But even then, and I can only say from my experience handling a number of these cases, is they won't necessarily identify themselves at all until the phone line can answer. Your harm is that they're inconvenienced. How much harm is that? But it's not just harm. How much harm is there? How much prejudice is there to your clients? In the end, if you're going to ask for damages, you have to have some type of harm that damages take care of, correct? Unless there's minimal statutory damages. Statutory damages is what this claim is for. Is it $1,000 a violation? No, it's up to $1,000 for the case. For all violations. For all violations. In the case. For each plaintiff. So it could be de minimis. It could be de minimis. Well, and this is a punitive class case, so there's also the statute allows for up to $1,000 for each plaintiff and up to 1% of the defendant's net worth for the class. Yeah, but that's for the Article 23, so. Right. So it's not just for each plaintiff. It's for each occurrence, right? No. No, it's for each occurrence. The case law, I think, is hard to argue against the case law, but there's not a lot of authoritative decisions. It could be argued that it could be occurrence or pro-violation, but I'm not aware of any cases that have ever decided that for a long time. I think under the FDCPA it's been viewed as all the conduct of a debt collector in connection with the collection of a single debt is covered by the one statutory award. Statutory damages. Why don't we hear from Mr. Sherman and we'll get you back for your rebuttal. All right. Thank you. Thank you, Your Honor. Christian M. Sherman, Marks O'Neill on behalf of HRRG. How does anyone know that ARS is a division of HRRG? Well, that's a good question. So from the phone message that you get. Every once in a blue moon I do that. From the phone message that you receive, obviously you wouldn't know that. You wouldn't know it's a division of HRRG. But the law, even the law cited on meaningful disclosure in plaintiff's brief and the law that I read within the circuit, as I understand it, is you need to identify the nature of the call and the fact that the call is from a debt collector. Well, it's got to be more than that. The statute says you have to give your true name, right? Well, true name is. That's a statutory requirement. Yeah, but true name, there's cases where it says true name is not defined within the FDCPA. And we have cases that Judge Kugler cited in his opinion below, which said that you can use an abbreviation. Indeed. And that's what I was asking your colleague about. So I ask you, isn't there at least a factual question here that makes a motion to dismiss as inappropriate because we don't know whether this is a commonly used business name for your client. We don't know whether it's a commonly used acronym for your client. Well, I'll answer that kind of going a long way around. Just going back to what the case law dictates, as I understand it, is that you need to disclose. There's nothing which prohibits the use of initials or an abbreviation. That's true, but that doesn't answer the question. The question is whether the use of those initials accurately identifies your client, not whether you can use initials. Yeah, the FTC says you can, and the case law says you can, and your colleagues across the aisle there seem to agree that you can. But that doesn't mean that any use of initials will identify your client. If you picked at random initials and different initials for every time you made the call, you wouldn't be standing up here contending that that accurately identified your client. The only thing that would make that accurate is if that was something that you always used and people came to understand you with those initials, right? So for that question, you have the letter, which was there, whether the court will consider it. We can consider it, can't we? It's a 12B6 motion, and by law, we are confined to the four corners of the complaint or documents identified in or relied upon in that complaint. That letter is neither of those latter two categories, right? But the website is. It is identified in the complaint. In the website, one of the exhibits in the record, from the website, it says if you're making a payment, it references the use of being made to ARS. So you've got one point. If we were to say, if we were to make the leap that the reference to the website is a, quote, reliance upon the website, which is a bit of a stretch, but if we were to agree with that and we were to say that there's a reference to ARS on the website, that doesn't mean there's not a factual issue, does it? Are you saying that that, the existence of those letters on that website, resolves the question of whether that is the, quote, name under which it usually transacts business, unquote? So within that definition, I submit that ARS is accepted. Going back to the whole policy behind the act. Who owes the debt? Who owes the debt? Who owns the debt? It was assigned to HRRG. Well, HRRG is the LLC, and ARS is an unincorporated division. Who is the owner? What's the name of the owner of the debt? So HRRG is the debt collector. The owner of the debt would be, I believe, the ERG. I thought Judge Kruger said that the debt was assigned, placed, or transferred to HRRG. Was it just placed with them for collection for another? Yes. Yes, they're a debt collector. So they just get hired by a client, and it's an ER group. So we don't know who owns the debt. Well, I know who owns the debt. Who owns it? I believe that here it's either Emergency Physician Associates of South Jersey or it could be North Jersey, depending on where the state is located. So then you have, the question becomes, you have an FTC guideline that says that a collector may use its full business name, the name under which it usually transacts business, or a commonly used acronym. And the collector here is technically HRRG, so we don't have its full business name. We don't know if that's the name under which it usually transacts business, and we're not quite sure, although we guess it is a commonly used acronym. We have the registered trade name, too. And then you also have the website that someone could call, as I think your Honor said, within seconds. And you have the phone number that someone can call within seconds as well. Right, but this is a strict liability statute, isn't it, Mr. Sherman? There's nothing in the statute that says it's enough and it's good enough for a debt collector to give you follow-up information and it's on you to figure out who it is. The statute says you have to, you, the debt collector, have to use your true name. But that's kind of where we have a difference. First of all, the true name is not the phone, okay, number one. Secondly, the way I look at it is the meaningful disclosure, and if you look at the case law, which was briefed, says revealing someone as a debt collector and the nature of the call. So we have the message here says ARS calling, call us at, it gives the phone number. ARS is a debt collector. If it were true, Mr. Sherman, that all you had to say was this is a debt collector and the nature of the call is to collect the debt, then you wouldn't have to use any name at all. But it's not the case there because they also provide the telephone number and the website, so it's crystal clear. Stick with me. If it were crystal clear, we wouldn't be here, right? So it's obviously not crystal clear. If we were, it has to be some identification of who the party is that's collecting the debt, right? You agree with that. There has to be some identification. The question that's in front of us now is was the identification you used adequate or not? And what we're trying to, or at least I'm trying to grapple with is there's an FTC guideline that says these are the ways you can do it which are adequate. Now, are you saying that the FTC guidance there is inapplicable or it's wrong or we shouldn't be paying attention to it? I think you should always pay attention to the FTC guidance. Okay. So what the FTC guidance says, there's three ways you can do this correctly. One, use your full name, which I guess everybody agrees you didn't do, right? Didn't even use the correct or full name of the registered trade name, right? That's correct. Okay. So that leaves us with two other options. And only two other options under the FTC guidance. That is the name under which your company or client usually transacts business or a commonly used acronym. Now, would you agree that either of those things requires an understanding of facts that we don't have before us? Well, there's also a case law that says you can use initials and an abbreviation. That's true, but it's not really answering the point, which is are the initials such that they would fit within either of those two categories, the name under which you usually transact business or a commonly used acronym. Usually transact business is a factual issue, right, as is commonly used. Both of those things require facts that we don't have before us. Isn't that true? Yeah, I get that. Okay. Well, if that's true and we've got a fact issue, how can it be proper for there to have been 12B6 dismissal here? I still think it was proper. Because? Because the whole underpinning of the Act and the case law cited when you're dealing with meaningful disclosure, you're dealing with cases where someone calls up and says, hey, this is Joe Smith, you really need to call me because there's a big issue that involves you. Or having someone call up and say that their company name is, for instance, the FBI. I hate to say this, but probably almost everybody in this courtroom has received one of those messages on your cell phone. But that's the whole meaningful disclosure, is you're saying, this is Joe Smith, call me back, it's a really big issue. You're not saying that you're a debt collector or the nature of it. In my view, that's the policy behind the Act. You have unscrupulous debt collectors making these calls and maybe misrepresenting. I think there's a case out there that says they're affiliated with the IRS. Or what if they say, well, this is Joe Smith from the FBI. But the whole statute, the way I read it, I think it's getting hyper-technical. The statute, as Judge Jordan said, is a strict liability statute. And the statute says that a false, deceptive or misleading representation includes the use of any business company or organization name other than the true name of the debtor's business. Yeah, but another section of the statute allows you to use initials. But from the complaint and looking at the complaint, we don't know whether ARS is the true name under which HRRG does business. Nowhere would that appear. And so at the pleading stage, was it proper for Judge Kugler, in this instance, to say case over? Yes, because the way Judge Kugler, if you look at his opinion, when he talks about meaningful disclosure, the case law that he cites You keep talking about meaningful disclosure, and it's true there's a claim made here under 1692d6. But there is another section of the statute, 1692e14, which requires the use of a true name. So just stick with that for the time being. True name. The FTC is giving guidance on what is a true name and how you do it. How can that true name piece of the statute be something that the district court judge could say, yeah, ARS is the true name, when it's conceded it is not the full name, and we don't know whether it's either the other two, commonly used acronym, or the business name that it usually uses. True name is not defined by the FTC yet. Understood. So I thought we'd sort of gotten past that. I thought we'd narrowed this argument down to we can look and should look at the FTC guidance. And if we do look at the FTC guidance, then we've got three buckets we are dealing with to satisfy true name. One of those is off the table because it wasn't the full name that was used. So we were left with two others, and I'm back to the question of, and I think you've conceded it actually, we don't know because we're at the pleading stage. We don't know whether this was the name under which your client usually transacted business or whether it's a commonly used acronym. I feel like I'm in kind of a logical spot here where I've got a fact issue, and if you can help me figure out how to get past that fact issue to an issue of law, I'm all for you doing it. Okay. The issue, well, there's case law that also gives some guidance. As Judge Kugler cited, and I cited in my brief, that says you can use an abbreviation. And I think you have to take the context of the entire message. The abbreviation here would have been HRRG. Well, it was the ARS, Account Resolution Service. The register training is ARS, Account Resolution Services, and they used the ARS. But they didn't use that. Nobody here would understand that getting a call out of the blue that ARS means ARS, Account Resolution Services. Well, yes, but they would know it was from a debt collector. And not only that, they would have a telephone number to call, and they would have a website to visit. Okay. So this issue, you have to take it in context of the entire message. They're saying we are a debt collector. This call is to collect the debt. Anything information we get is to further debt. That's what the message said. If it were not for the statute and the FTC guideline or regulation, that's true. I mean, it doesn't make any difference who the debt collector is in one sense, because you give a telephone number and you give a website that reportedly one can reach sometimes and find out who it is. But that's not the arena we're technically in, is it? Well, again, there's no case, there's no authority or statute which specifically prohibits this. And, okay, let's play that. Well, wait a second. There's no statute that specifically prohibits this. This is an odd statement to say when the statute says you have to give meaningful disclosure and you've got to get your true name. So that's what we're wrestling with is the nature of the statutory requirement. Let me ask you this. Clearly, people don't like dealing with debt collectors, right? And the FDCPA is meant to protect them to a certain degree from unscrupulous debt collectors. You've already noted that as a policy reason driving it. So people, look, your client might be an organization that's peopled by the most wonderful folks in the world. So no disrespect intended to them at all. But isn't it just the reality that people don't want to talk to your client? They don't want to talk to debt collectors. That's my whole point because that's why the way I read the law and everything that's cited in the briefs is you're absolutely right. So the requirement is identify yourself as a debt collector. Say you're calling to collect the debt. Say any information you obtain will be used to collect the debt. Provide a phone number. Provide a website. And when you say if they didn't know who we were, they should have called us up, aren't you doing something that is indeed contrary to the spirit and intent of the statute, which is if you want to figure out who we are, you call us up and then we'll talk to you. Well, if they said this is account resolution services, there's no pleading, there's nothing in the complaint that says, oh, well, then we would have known who you were. No, but if you had said ARS account resolution services, you would have had the advantage of fitting clearly within the FTC guidance and indeed of using your true name, your true registered name. And then we wouldn't be having this conversation at all, right? Then it really would be crystal clear. But your client chose not to do that, chose just to use ARS, which is the source of the contention, right? Yeah, obviously. Okay. The point was made during your opposing counsel's time at the lectern that you could not necessarily go onto www.arspayment.com and find out who ARS is because it's blocked, at least often. Explain that. I went on the website and I printed it into my record. I had absolutely no trouble getting on the website. And I've gone on the website many times. Maybe if you're in, like, I have no idea. If you're in, like, a public library, there's sometimes – I have no idea. It would be pure speculation. But all I can tell you is – Any information as to whether it is sometimes blocked? I've never encountered that. And, again, I'm not – it's kind of beyond – I've never encountered it. That's all I can tell you. It's sort of a fact issue, right? I mean, whether it's an operative website. Well, I think – I've cited a case that said the court can take judicial notice of a website. And it's – But not of an inoperative website, even if we could take – There's no pleading. There's nothing in the record that says the website was inoperative. Well, he read from the pleading. He said that. In paragraph 42. Okay. He said – I think he said even if you can get on in the complaint, it's going to – So he – the complaint also references if you can get on. So – and it's not clear that the plaintiff actually went on the website. It seems like it's more – if you look at the declaration that counsel did this investigation, which I don't even think is properly before the court on a motion. I couldn't agree. I just tried to get on the website, and I got a privacy – well, I got a warning that it's not a secure site. Could you get on it, Your Honor? No. Okay. Well – And I guess if I ignored the privacy warning – or if I ignored the security warning, but I wasn't going to ignore the security warning because I don't want to get infected. So – You'd probably get in trouble. All I can think of is it's a federal network, and I was – when I worked for the state, they're certainly restricting, but – And I will say from my office, I was able to get on the site when I started working on this. So I've gotten to the site, and I've gotten this warning notice that it's not a secure site, and my browser blocks it. You were able to get onto the site? I was. But, of course, now we're deep in the realm of fact. Yes. Well, I would say that the website is referenced in the complaint. So I would say for judicial notice of – and there is, on the website, there is disclosure of ARS being a division of HRJ. All right. Why don't we get Mr. Stern back up then. Thank you, Your Honor. Thank you. May it please the Court. I think there is an allegation in the complaint that is relevant to this question as to the alternate definitions that are in the FTC guidance, and that's paragraph 41, which says, on information and belief by reputation, the name ARS is, without more, associated in the nation's debt collection industry with ARS National Services, Inc., which is a different debt collector. So to the extent that the website would show it – I mean, the problem is you have an interesting case at the 12B6 stage. I have great difficulty – maybe I'm wrong – seeing how you went at Rule 56 stage summary judgment. Understood. But I'm just saying, we have this factual issue as to whether this is their commonly used business name or name that they usually transact business. That may still be an issue of fact that needs to be explored. But just for the purpose of the record, for the Court, I wanted to point out paragraph 41, which, in essence, says, the term ARS refers to a different debt collector in the general – at least within the debt collection industry, not to misdefend it. Understood. Thank you for pointing that out. What about meaningful disclosure versus true name? Do those two sections of the statute you make claim under each of them, do they rise and fall together? In other words, are they necessarily – if you have not used your true name, have you failed to give meaningful disclosure? And if you've failed to give meaningful disclosure about your name, is it necessarily the case that you haven't given your true name? So I think it – under these facts, as alleged, I think it's the same standard. The FCC guidance that's been referred to lower down in paragraph four actually makes that reference there. When it's done in the connection with a phone call, it can give rise to the failure to give a true name. It certainly gives rise to a violation under D6. But the question – if it's meaningful disclosure, and you can go onto a website or make a telephone call, you can find out very quickly what it is. So the question is – back to Judge Jordan's question. In order to have meaningful disclosure, must you give your true name? E14, subsection 14, seems to indicate true name. And it does tell you in which ways, three paths, in order not to misrepresent or deceive. Give the full name, give an acronym, or give the name by which it's, I guess, commonly – My answer is, sir, if the conclusion is that this message did use the true name, then yes, there is no D6 violation. Okay, let me ask you – and I probably should have asked this before. It's not technically rebuttable. But I'm curious about your claim under 1692E10, which is the false representation or deceptive means. Even if it's true that ARS was not the full name, and it would have been a better practice and should have used its full name, if it identifies itself in some fashion, although not a complete fashion, and it gives you a phone number and a website and says this is about a debt collection and any information that's going to be used to collect the debt, what's false and deceptive about that? How is that a false and deceptive way, a means to collect the debt? Well, the district court said that, look, if a consumer has any questions about who the identity is, they can pick up the phone, they can call. And when they call, the debt collector is going to qualify that call. Number one, they're going to know – they're going to get information about the consumer. How does that answer the question about false and deceptive means? I mean, I understand they don't want to make that call, and maybe the fact that they have to make that call is problematic under the adequate disclosure section, the meaningful disclosure section, the true name section. But you've made a third claim, which is false and deceptive means to collect the debt. What's false and deceptive about giving the initials ARS and saying we're a debt collector and saying here's our phone number and website? The problem would be not saying you're a debt collector. ARS calling, call us at such and such, or visit our website. But here it says we are a debt collector. Because there are other debt collectors in order to find out who they are. I want to answer the question directly, which is the deception is that they haven't identified themselves. If that's true, then what you're saying is that that subsection adds nothing. It adds nothing that isn't already covered by meaningful disclosure and by true name. That would be an odd way to interpret the statute, wouldn't it? What I'm saying is that to the extent that by using an ambiguous name causes a consumer to pick up the phone and call, when they do that, they then obtain information about the consumer. They confirm, number one, that they're calling a good phone number because they identify the consumer. How does that go to the issue of false and deceptive means to collect the debt? Because by using an ambiguous name, they then generate some consumers to pick up the phone and call who might not otherwise call had they used their true name. So you equate ambiguity with falsity and deception. Ambiguity to the extent... The problem is if there's more than one interpretation of the communication from a debt collector, which is inaccurate, it's false and deceptive. Not inaccurate, ambiguous. There's nothing inaccurate in what they said. There's something ambiguous in what they said. Your argument has to be ambiguity equals falsity and deception, doesn't it? That is what I would argue. Okay. It's a tough one to make. All right. Thank you very much. I would just note that in the Internet Explorer browser, when I type in ARSPayment.com, it says this site is not secure. This might mean that someone's trying to fool you or steal any info you send to the server. You should close this site immediately. Close it. All right. This is our IT guy. I think that says it all as far as I'm concerned. Thank you. Thank you both. Thank you. Thank you. We'll take the matter under advisement and call our second...